UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION

| | |
|---|---|
| PATHWAY POLYMERS INC., ) | |
| ) | CIVIL ACTION |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | JURY TRIAL DEMANDED |
| CARPENTER CO., ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Pathway Polymers Inc. ("Pathway" or "Plaintiff"), by its attorneys, states and alleges for its Complaint against Defendant Carpenter Co. ("Carpenter" or "Defendant") as follows:

## THE PARTIES

1. Plaintiff Pathway Polymers Inc., a subsidiary of Accella Performance Materials, Inc., is a Delaware corporation having a principal place of business at 2003 Curtain Pole Road, Chattanooga, Tennessee 37406.

2. Upon information and belief, Defendant Carpenter Co. is a corporation organized and existing under the laws of the State of Virginia, having a place of business at 5016 Monument Avenue, Richmond, Virginia 23230 and having a place of business in this jurisdiction at 5306 E. Morris Boulevard, Morristown, Tennessee 37813.

3. Upon information and belief, Carpenter does business throughout the United States and does regular business within this judicial district, including making and selling tire fill systems that infringe U.S. Patent Nos. 6,918,979 and 6,988,524.

**JURISDICTION AND VENUE**

4. This is a civil action for patent infringement in which Pathway seeks preliminary and permanent injunctive relief as well as damages resulting from Carpenter's infringement of U.S. Patent Nos. 6,918,979 and 6,988,524.

5. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a) because Pathway's claims arise under the patent laws of the United States, 35 U.S.C. §§101, *et seq.*

6. On information and belief, Carpenter is subject to personal jurisdiction in this judicial district at least because it has engaged, and continues to engage in, activities that result in using, selling, offering for sale, and/or importing infringing products into the State of Tennessee and this judicial district.

7. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

**FACTUAL BACKGROUND**

8. Pathway Polymers Inc. is a leading manufacturer of polyurethane tire fill material intended to flatproof tires.

9. Pathway expends significant time and money each year in the research and development of flat-proofing materials and methods for use, including developing ways to reclaim and recycle post-consumer tire fill material.

10. Pathway manufactures and offers for sale the AutoFil™ Recycler tire fill systems and TyrFil® line of polyurethane flat-proofing material across the United States and within this judicial district.

11. On July 19, 2005, U.S. Patent No. 6,918,979 ("the '979 Patent") entitled "Method for Making Tires Filled With Flatproofing Material" was duly and legally issued by the United Stated Patent Office. A true and correct copy of the '979 patent is attached hereto as Exhibit 1. Each claim of the '979 Patent is valid and enforceable.

12. On January 24, 2006, U.S. Patent No. 6,988,524 ("the '524 Patent") entitled "Apparatus For Making Tires Filled With Flatproofing Material" was duly and legally issued by the United Stated Patent Office. A true and correct copy of the '524 patent is attached hereto as Exhibit 2. Each claim of the '524 Patent is valid and enforceable.

13. Pathway is the sole owner by assignment of the entire right, title, and interest in the '979 Patent and the '524 Patent, including the right to recover for any and all infringement thereof.

14. On information and belief, Carpenter provides materials and methods for flat-proofing tires including the RELY® line of materials and equipment.

15. On information and belief, on or around September 16, 2014, Carpenter obtained U.S. Trademark Registration No. 4,607,196 ("the '196 Registration") for the mark "RELYANT" in International Class 7 for "Tire fill machines for dispensing chemical compositions for filling tires for the purpose of flat proofing, extending the life of tires, and increasing ruggedness and durability." The '196 Registration does not have any geographic limitations. The '196 Registration claims a first use and first use in commerce date of April 14, 2014.

16. On information and belief, Carpenter has made, used, offered to sell and/or sold, and continues to make, use, offer to sell and/or sell, tire fill systems including the product known by the brand name of the RELYANT® system. Pictures of the RELYANT® system are attached as Exhibit 3.

17. The RELYANT® system infringes multiple claims of the '979 Patent and '524 Patent.

## COUNT I: Infringement of the '979 Patent

18. Pathway incorporates by reference paragraphs 1 through 17 as though fully set forth herein.

19. Upon information and belief, Carpenter has contributorily infringed, and/or induced others to infringe at least one claim of the '979 patent by making, using, offering to sell and/or selling to customers within this judicial district and elsewhere in the United States, or importing into the United States within the term of the '979 Patent, products including the RELYANT® system that embody the invention of the '979 Patent. These acts are without right, license or permission from Pathway.

20. Carpenter's products and services at issue constitute a component of a patented machine, article, manufacture, combination, or composition, or a material or apparatus for use in practicing processes patented by the '979 Patent.

21. Carpenter's products and services at issue constitute a material part of the invention claimed by the '979 Patent, and Carpenter knows and has known that the same are especially made or especially adapted for use in an infringement of the '979 Patent.

22. Carpenter's products and services at issue are not staple articles or commodities of commerce suitable for substantial noninfringing use.

23. Others directly infringe the '979 Patent by making, using, selling, and/or offering to sell infringing products and services within the United States.

24. Others directly infringe the '979 Patent through performance of the methods claimed in the '979 Patent using Carpenter's products and services.

25. On information and belief, Carpenter has actual or constructive knowledge of the '979 Patent.

26. On information and belief, Carpenter knows that others infringe the '979 Patent by making, using, selling and/or offering for sale infringing products and services within the United States.

27. On information and belief, Carpenter specifically intends to induce others to infringe the '979 Patent and/or perform the methods claimed in the '979 Patent by using Carpenter's products and services.

28. On information and belief, Carpenter specifically intends and takes steps to ensure that others will directly infringe the '979 Patent through the sale, purchase and/or use of Carpenter's products and services.

29. Carpenter's actions as described herein constitute infringement of at least one claim of the '979 Patent in violation of 35 U.S.C. § 27.

30. Upon information and belief, these infringing activities have been willful wanton, and deliberate and are causing substantial and irreparable damage to Pathway. Carpenter's actions will continue unless enjoined by this Court.

31. Pathway has been damaged by Carpenter's infringement, contributory infringement and/or inducement of infringement of the '979 Patent and has been and will

continue to be irreparably harmed if these infringing activities are not enjoined. Pathway does not have an adequate remedy at law.

32. As a result of Carpenter's acts, Pathway is entitled to at least a reasonable royalty under 35 U.S.C. § 284, adequate to compensate for the infringing products already installed and/or sold.

33. This is an "exceptional case" within the meaning of 35 U.S.C. § 285, and Pathway is entitled to an award of reasonable attorneys' fees.

## COUNT II: Infringement of the '524 Patent

34. Pathway incorporates by reference paragraphs 1 through 33 as though fully set forth herein.

35. Upon information and belief, Carpenter has directly infringed, contributorily infringed, and/or induced others to infringe at least one claim of the '524 patent by making, using, offering to sell and/or selling to customers within this judicial district and elsewhere in the United States, or importing into the United States within the term of the '524 Patent, products including the RELYANT® system that embody the invention of the '524 Patent. These acts are without right, license or permission from Pathway.

36. On information and belief, Carpenter has directly infringed the '524 patent by making, selling, offering for sale or importing products by selling products that embody the invention disclosed in one or more claims of the '524 Patent.

37. Carpenter's products and services at issue constitute a component of a patented machine, article, manufacture, combination, or composition, or a material or apparatus for use in practicing processes patented by the '524 Patent.

38. Carpenter's products and services at issue constitute a material part of the invention claimed by the '524 Patent, and Carpenter knows and has known that the same are especially made or especially adapted for use in an infringement of the '524 Patent.

39. Carpenter's products and services at issue are not staple articles or commodities of commerce suitable for substantial noninfringing use.

40. Others directly infringe the '524 Patent by making, using, selling, and/or offering to sell infringing products and services within the United States.

41. On information and belief, Carpenter has actual or constructive knowledge of the '524 Patent.

42. On information and belief, Carpenter knows that others infringe the '524 Patent by making, using, selling and/or offering for sale infringing products and services within the United States.

43. On information and belief, Carpenter specifically intends to induce others to infringe the '524 Patent by using Carpenter's products and services.

44. On information and belief, Carpenter specifically intends and takes steps to ensure that others will directly infringe the '524 Patent through the sale, purchase and/or use of Carpenter's products and services.

45. Carpenter's actions as described herein constitute infringement of at least one claim of the '524 Patent in violation of 35 U.S.C. § 271.

46. Upon information and belief, these infringing activities have been willful wanton, and deliberate and are causing substantial and irreparable damage to Pathway. Carpenter's actions will continue unless enjoined by this Court.

47. Pathway has been damaged by Carpenter's infringement, contributory infringement and/or inducement of infringement of the '524 Patent and has been and will continue to be irreparably harmed if these infringing activities are not enjoined. Pathway does not have an adequate remedy at law.

48. As a result of Carpenter's acts, Pathway is entitled to at least a reasonable royalty under 35 U.S.C. §284, adequate to compensate for the infringing products already installed and/or sold.

49. This is an "exceptional case" within the meaning of 35 U.S.C. § 285, and Pathway is entitled to an award of reasonable attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Pathway requests a judgment in its favor and against Defendant Carpenter Co. and requests that this Court:

A. Order, adjudge and decree that Carpenter is liable for infringement of at least one claim of U.S. Patent No. 6,918,979, and these infringing activities have been willful;

B. Order, adjudge and decree that Carpenter is liable for infringement of at least one claim of U.S. Patent No. 6,988,524, and these infringing activities have been willful;

C. Issue an injunction prohibiting Carpenter, and each of its respective subsidiaries, officers, agents, servants and employees, directors, licensees, successors, assigns, and those persons in active concert or participation with any of them, from further infringement, contributory infringement and inducement of infringement by offering to sell, selling, making, and/or directing the manufacture of any tire-fill system or product that infringes any claim of U.S. Patent No. 6,918,979;

D. Issue a preliminary and permanent injunction prohibiting Carpenter, and each of its respective subsidiaries, officers, agents, servants and employees, directors, licensees, successors, assigns, and those persons in active concert or participation with any of them, from further infringement, contributory infringement and inducement of infringement by offering to sell, selling, making, and/or directing the manufacture of any tire-fill system or product that infringes any claim of U.S. Patent No. 6,988,524;

E. Award damages adequate to compensate for Pathway's losses caused by the wrongful and infringing activities of defendant, together with interest;

F. Enhance damages in accordance with the provisions of 35 U.S.C. § 284 due to Carpenter's willful infringement;

G. Declare this case exceptional as within the meaning of 35 U.S.C. § 285 and award Pathway its attorneys' fees, cost and expenses that it incurs in prosecuting this action; and

H. Award such further relief as this Court may deem just and proper.

## JURY DEMAND

Pathway demands a trial by jury of all issues triable to a jury.

Dated: November 13, 2014						Respectfully submitted by,

								GRANT KONVALINKA & HARRISON, P.C.


								/s/ Thomas M. Gautreaux
								Charles G. Fisher (BPR No. 018648)
								Thomas M. Gautreaux (BPR No. 023636)
								633 Chestnut Street, Suite 900
								Chattanooga, TN 37450-0900
								Phone: (423) 756-8400
								Fax: (423) 756-6518
								tgautreaux@gkhpc.com
								cfisher@gkhpc.com

								***Attorneys for Plaintiff, Pathway Polymers Inc.***